UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

MUSLOW LAND & TIMBER, INC., ET AL

CIVIL ACTION NO. 09-cv-0211

VERSUS

JUDGE WALTER

CHESAPEAKE EXPLORATION LIMITED PARTNERSHIP, ET AL

MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Muslow Land & Timber, Inc. and Freyer Investments, Ltd. filed this civil action based on an assertion of diversity jurisdiction. It is their burden to plead the facts necessary to ensure diversity of citizenship. The current complaint does not satisfy the plaintiffs' burden because it does not properly set for the citizenship of the parties, as explained below. Plaintiffs should amend their complaint, seeking leave if then necessary under Fed. R. Civ. Proc. 15, to allege with specificity the citizenship of each party. The deadline for compliance is 45 days after the last defendant makes an appearance in the case.

**Muslow** describes itself as a Louisiana corporation, domiciled in Caddo Parish. A corporation is deemed to be a citizen of (1) the state in which it was incorporated and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). To establish diversity jurisdiction, a complaint must set forth "with specificity" a corporate party's state of incorporation and its principal place of business. "Where the plaintiff [or removing party] fails to state the place of incorporation or the principal place of business of a corporate party,

the pleadings are inadequate to establish diversity." Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1039 (5th Cir. 1982). The Fifth Circuit requires strict adherence to these straightforward rules. Howery v. Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir. 2001). See also Getty Oil Corp. v. Insurance Company of North America, 841 F.2d 1254, 1259 (5th Cir. 1988) ("In cases involving corporations, allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation"). Muslow has not alleged with specificity the state in which it has its principal place of business.

One of the named defendants is also alleged to be a corporation. Plaintiffs allege that **Chesapeake Operating, Inc.** is a "foreign corporation" domiciled in Oklahoma. Plaintiffs need to allege with specificity the state in which Chesapeake is incorporated and the state in which it has its principal place of business. The reference to where the corporation is "domiciled" is too vague to mean with certainty either the state of incorporation or the principal place of business. The use of the precise terminology provided in the statute will avoid doubt about the existence of subject-matter jurisdiction.

**Freyer** describes itself as a partnership domiciled in Texas. One of the defendants, Chesapeake Exploration Limited Partnership, is described as a partnership domiciled in Oklahoma with a principal office in Oklahoma. The rules for determining citizenship when a partnership is a party differ from the statutory rule for a corporation. The court must consider the citizenship of each partner, both general and limited, to determine the existence of diversity jurisdiction. Carden v. Arkoma Associates, 110 S.Ct. 1015 (1990); Moran v.

Gulf South Pipeline Co., L.P., 2007 WL 276196 (W.D. La. 2007) (same rules apply even when there are several thousand limited partners). Accordingly, Chesapeake Louisiana, LP has not properly alleged the facts necessary to meet its burden of establishing a basis for diversity jurisdiction.

If the partners are themselves partnerships, LLCs,[1] corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be. Feaster v. Grey Wolf Drilling Co., 2007 WL 3146363 (W.D. La. 2007). The need for such detail was recently demonstrated by Mullins v. Testamerica, Inc., 2008 WL 4888576 (5th Cir. 2008), when the court refused to consider the merits of an appeal until the record distinctly and affirmatively alleged the citizenship of all layers of a limited partnership.

Plaintiffs should possess the information to allege their own citizenship, but they may not have public access to the citizenship information for the defendants. Parties in the defendants' position ordinarily provide the citizenship information voluntarily, and they are encouraged to do so in this case (once they have been served and joined) so that this preliminary issue may be resolved as quickly and efficiently as possible. If the defendants will not voluntarily provide the information, the plaintiffs are granted leave to conduct discovery on the issue as to any defendant who has appeared.

---

[1] The citizenship of an LLC is determined by the citizenship of all of its members, just as partners determine the citizenship of a partnership. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008).

The <u>Mullins</u> opinion also makes clear that general allegations that all members or partners are of diverse citizenship from the parties on the other side, without factual specificity, is not sufficient. It has been the experience of this court that entities have often allege that all members or partners are of diverse citizenship but, when the entity is required to name each partner and allege his citizenship with particularity, the result is sometimes a lack of diversity. Such situations must be determined early before there is a waste of resources pursuing the case in a federal court that lacks jurisdiction. The plaintiffs must amend their complaint to provide the factual detail necessary to ensure the presence of subject-matter jurisdiction before the court will consider granting them any relief in this civil action.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 11th day of February, 2009.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE